UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JOHN J. GOOD, JR., | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Civil Action No. 21-cv-11812-ADB |
| | * | |
| DEAN GRAY, | * | |
| | * | |
| Respondent. | * | |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS**

BURROUGHS, D.J.

On November 8, 2021, Petitioner John J. Good, Jr. ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1988 state court murder and firearm convictions. [ECF No. 1]. Currently before the Court is Respondent Dean Gray's ("Respondent") motion to dismiss, [ECF No. 14], which Petitioner opposes, [ECF No. 18]. For the reasons set forth below, Respondent's motion to dismiss, [ECF No. 14], is GRANTED.

**I.   BACKGROUND**

   **A.   State Court Proceedings**

On March 1, 1988, Petitioner was convicted by a jury in Middlesex Superior Court of first-degree murder and unlawfully carrying a firearm. [ECF No. 14-1 (Middlesex Superior Court Docket Sheets at 10–11, 19]. He was sentenced to life imprisonment on the murder charge, and a concurrent term of three-to-five-years on the firearm charge. [Id.]. He appealed and, on March 28, 1991, the Massachusetts Supreme Judicial Court ("SJC") affirmed his conviction. Commonwealth v. Good, 568 N.E.2d 1127, 1129 (Mass. 1991); [ECF No. 14-3].

1

On December 18, 2017, over twenty-nine years after his conviction, Petitioner, with the assistance of counsel, filed a motion for a new trial asserting that (1) there was newly available evidence as a result of scientific developments in the field of eyewitness identification, (2) he was deprived of effective assistance of appellate counsel when his attorney failed to preserve viable issues for appeal, and (3) the jury instructions on murder were improper.  See [ECF No. 1-1 at 1–41 (Motion for a New Trial); ECF No. 14-2 at 2 (State Court Docket Sheet)].  On May 3, 2018, Petitioner filed a supplemental *pro se* motion for a new trial in which he additionally claimed that (4) he was denied his right to a public trial because jury selection for his trial occurred privately and (5) his trial and appellate counsel were ineffective in failing to argue this point at trial.  [ECF No. 1-1 at 49–50].  After a hearing, on October 15, 2019, the Superior Court denied both the original and supplemental motions.  See [ECF No. 1-1 at 82–105].  Petitioner sought leave to appeal the judgment pursuant to Mass. Gen. Law ch. 278, § 33E, [id. at 107–51], and his petition for relief was denied by a single justice of the SJC on August 21, 2020, [id. at 178–82].

  B.  **Habeas Petition**

On November 8, 2021, Petitioner filed his *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254, raising six grounds for relief: (1) that he was denied his Sixth Amendment right to a public trial because jury selection occurred in private; (2) that newly developed science in the field of eyewitness identification casts doubt on his conviction; (3) that his appellate counsel was ineffective for failing to challenge the sufficiency of the identification evidence against him; (4) that the prosecution overzealously targeted him as the suspect, violating his due process rights; (5) that his counsel was ineffective for failing to investigate a potential other suspect; and (6) that evidence about the possible mental state of a key witness,

which Petitioner did not discover until a year prior to this petition, was not disclosed to his trial counsel. See generally [ECF No. 1]. On January 27, 2022, Respondent filed a motion to dismiss the petition as time-barred under the one-year statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). [ECF No. 14]. Petitioner opposed the motion on April 1, 2022. [ECF No. 18].

## II.    LEGAL STANDARD

In evaluating a motion to dismiss, a court must accept all of the non-moving party's well-pleaded facts as true and consider those facts in the light most favorable to the non-moving party. Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). "[T]he standard of review upon a motion to dismiss a habeas claim is whether the facts alleged by the petitioner, taken as true unless contradicted by the record, state a claim upon which relief can be granted." United States v. Alba, 657 F. Supp. 2d 309, 312 (D. Mass. 2009). Petitions filed *pro se* are liberally construed and held to less stringent standards than those filed by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Voravongsa v. Wall, 349 F.3d 1, 8 (1st Cir. 2003).

## III.    DISCUSSION

### A.    Statutory Tolling

The AEDPA imposes a one-year statute of limitations on the filing of a petition for a writ of habeas corpus, which begins to run on the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  A state court conviction is considered final under § 2244(d)(1)(A) when the "availability of direct appeal to the state courts and to [the U.S. Supreme Court] has been exhausted."  Jimenez v. Quarterman, 555 U.S. 113, 119 (2009) (internal quotation and citations omitted).  In Massachusetts, the denial of an application to the SJC for further appellate review "constitutes the relevant benchmark of finality," after which a party has ninety days to file a petition for a writ of certiorari.  Mack v. Dickhaut, 770 F. Supp. 2d 429, 432 & n.28, 433–34 (D. Mass. 2011).  If the party does not seek certiorari, the conviction becomes final after the ninety-day period lapses.  Cordle v. Guarino, 428 F.3d 46, 48 (1st Cir. 2005).  Section 2244(d)(2) also provides that the statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Petitioners whose convictions became final prior to the AEDPA's effective date, April 24, 1996, were allowed a one-year limitation period after the AEDPA's effective date within which to file a habeas petition.  Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999).

In the instant case, Petitioner's convictions became final on June 26, 1991, ninety days after the SJC affirmed them on March 28, 1991, which gave him until April 24, 1997 (one year after the effective date of the AEDPA) to file his habeas petition.  See Good, 568 N.E.2d at 1129; Cordle, 428 F.3d at 48.  Although a motion for a new trial tolls the statute of limitations while it is pending, Section 2244(d)(2)'s tolling provision does not permit a petitioner to revive an already expired statute of limitations by filing a state petition at a later date.  Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (holding the same where the motion for a new trial was filed seven months after the April 1997 expiration date and noting that allowing the

4

alternative would defeat the purpose of the one-year grace period entirely). "Section 2244(d)(2) only 'stops, but does not reset, the clock from ticking[.]'" Id. (citation omitted).

In sum, the inception of the AEDPA afforded Petitioner a one-year grace period, but that expired in 1997. Although a motion for a new trial before that date might have tolled the statute of limitations, his motion, filed years later in December 2017, could not revive the long expired one-year grace period. His petition is therefore untimely.

### B.     Equitable Tolling

Section 2244(d)(1)'s statute of limitations can be subject to equitable tolling where appropriate, but such tolling should only be allowed "sparingly," Neverson v. Farquharson, 366 F.3d 32, 41–42 (1st Cir. 2004) (citation omitted), and "limited to rare and exceptional cases[,]" Holmes v. Spencer, 685 F3d 51, 62 (1st Cir. 2012). This is to preserve the "strong concern for finality" embodied within the habeas statute, Section 2254. Neverson, 366 F.3d at 42 (citation omitted).

In seeking equitable tolling, Petitioner bears the burden of showing "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see Neverson, 366 F.3d at 41. The presence of extraordinary circumstances alone is insufficient; such circumstances must have "actually caused the untimely filing." Holmes, 685 F.3d at 62. Typically, this remedy is "reserved for cases in which circumstances beyond the [petitioner's] control have prevented him from promptly filing." Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002). By contrast, a petitioner's ignorance of the law is not sufficient to invoke equitable tolling and excuse untimeliness, even where a petitioner

proceeds *pro se*. Id.; see also Voravongsa, 349 F.3d at 8 (citation omitted) (even a policy of liberally construing *pro se* pleadings cannot save an untimely habeas petition).

      Here, Petitioner cannot show diligence or an extraordinary circumstance. First, while there may not be a time limit for filing a motion for a new trial in Massachusetts state court, Petitioner's long delay in seeking relief fails to evidence diligence for purposes of equitable tolling in connection with a habeas petition. See Rodriguez v. Spencer, 412 F.3d 29, 34 (1st Cir. 2005). Petitioner showed some level of diligence by filing a motion for a new trial, subsequently requesting leave to appeal the denial of his new trial motion, and eventually filing this petition, but, he waited over twenty-five years after his conviction became final to do these things. Cordle, 428 F.3d at 48 (declining to grant equitable relief where petitioner, failing to present any evidence of diligence in pursuing her rights, did not seek any kind of relief until eight years after her conviction became final and over three years after the AEDPA's grace period had expired).

      Second, although Petitioner attributes his delay primarily to COVID-19 restrictions where he is currently incarcerated and his lack of attorney, [ECF No. 1 at 13], he fails to adequately explain how the pandemic or the fact that he was unrepresented affected the timing of his petition or to demonstrate that either of these things was extraordinary for purposes of the AEDPA. As noted above, Petitioner's *pro se* status does not excuse his lack of diligence. Lattimore, 311 F.3d at 55. Even assuming that the COVID-19 pandemic itself was extraordinary, Petitioner does not explain how it impeded his ability to file his petition or why he was unable to file his petition in the many years after his conviction but before the pandemic began in 2020. See Mack v. Alves, No. 21-cv-11532, 2022 WL 623734, at *2 (D. Mass. Mar. 2, 2022) ("Undoubtedly, the ongoing pandemic has created unusual circumstances. Such circumstances do not, however, 'automatically warrant equitable tolling for any petitioner who

6

seeks it on that basis.'" (citation omitted)); see also United States v. Melara, No. 15-cv-10338, 2022 WL 1157374, at *3 (D. Mass. Apr. 19, 2022) (declining to excuse an untimely habeas petition, in part, because petitioner did not specifically explain how the COVID-19 pandemic prevented timely filing); Ormsby v. Maine, No. 20-cv-00319, 2021 WL 293313, at *3 (D. Me. Jan. 28, 2021) (similar).

Petitioner also briefly suggests that his transfers to different prisons, disciplinary infractions, and fear for his and his family's safety contributed to the delay, [ECF No. 1 at 11; ECF No. 18 at 1–2], but he again fails to explain how these conditions caused the untimely filing, particularly in light of his lack of diligence over twenty plus years.  See Holmes, 685 F.3d at 62 (declining to apply equitable tolling where there was no evidence to differentiate petitioner's conditions of imprisonment from those of any other inmate); see also Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) ("[T]he usual problems inherent in being incarcerated do not justify equitable tolling.").  Finally, he attempts to attribute his delay to the same assertions that underlie his petition, namely the ineffectiveness of his counsel and advances in the science of eyewitness identification.  [ECF No. 1 at 6–7, 9, 11; ECF No. 18].  These arguments, however, go to the merits of the habeas petition and "do not play a role" in determining whether extraordinary circumstances prevented him from timely filing a habeas petition.  See Holmes, 685 F.3d at 62.

In sum, Petitioner has not met his burden of showing diligence and extraordinary circumstances that would warrant equitably tolling the statute of limitations.

## IV.   CONCLUSION

Because the petition is untimely and not properly subject to either statutory or equitable tolling, the Court finds that the petition for a writ of habeas corpus is time-barred.

Accordingly, the motion to dismiss, [ECF No. 14], is <u>GRANTED</u>.

**SO ORDERED.**

July 12, 2022

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE
